UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-81181-BLOOM/Reinhart
IN ADMIRALTY

EDWARD M. MOORE,

      Plaintiff,

v.

M/V SUNNY USA a/k/a EMPIRE DISCOVERY
a 73-foot motor yacht USCG No 1042503, HIN
No: ISNMUL06B994 her engines, tackle, boats,
gear, appurtenances etc., *in rem*,

      Defendant.

_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant M/V Sunny USA's Motion to Dismiss the Complaint, ECF No. [18] (the "Motion"). The Court has carefully reviewed the record, the parties' briefs, and the applicable law. For the reasons that follow, the Motion is denied.

## I.   BACKGROUND

On August 31, 2018, Plaintiff Edward M. Moore ("Plaintiff") initiated this action against M/V Sunny USA a/k/a Empire Discovery a 73-foot motor yacht USCG No 1042503, HIM No: ISNMUL06B994 her engines, tackle, boats, gear, appurtenances etc., (the "Vessel"), *in rem*. ECF No. [1]. Plaintiff brings a claim for Foreclosure of Maritime Lien for Maritime Necessaries Breach of Maritime Contract (Count I) and for Negligence versus Vessel *In Rem* (Count II). *Id.* at 3-5.

According to the Complaint, the Plaintiff and the owner of the Vessel entered into a dockage lease. *Id.* ¶ 9. Plaintiff provided the necessaries and services to the Vessel, including vessel monitoring, wharfage, and dockage services. *Id.* ¶ 5. The owner of the Vessel ceased payment of dockage fees. *Id.* ¶ 10. Outstanding invoices for the Vessel total $20,090.00 *Id.* ¶ 17.

The Vessel was moored at Plaintiff's private dock before and during Hurricane Irma.  *Id.* ¶ 17.

Plaintiff's dock was damaged by the improperly moored Vessel, requiring repairs in the amount

of $4,900.00  *Id.* ¶ 26.

After Plaintiff initiated this action, the Court entered an Order directing the Clerk of the

District Court to issue a Warrant of Arrest against the Vessel directing the U.S. Marshal to take

custody of the Vessel, and to retain custody of the Vessel pending further Order of this Court.  ECF

Nos. [6], [8].  The U.S. Marshal executed the arrest warrant and filed the return on October 22,

2018. ECF No. [15].

Defendant Vessel through John Dong ("Mr. Dong"), proceeding *pro se*, filed the instant

Motion on November 16, 2018.  Plaintiff's response timely followed.  ECF No. [22].  The Motion

requests dismissal of this action arguing that the Complaint is fraudulent and part of an "extortion

scheme."  In addition to dismissal of the Complaint, the Motion seeks an award for Mr. Dong's

costs, expenses, and damages caused by Plaintiff's purported fraud and seeks sanctions against

Plaintiff's counsel for allegedly participating in an "extortion scheme."

Plaintiff contends that the Motion should be denied because Mr. Dong is not the registered

owner of the Vessel and has not filed a sworn statement of interest in the Vessel.  Plaintiff also

argues that the Motion does not set forth a proper legal basis that would warrant dismissal of the

Complaint.  Plaintiff requests that the allegations for sanctions against Plaintiff's counsel be

stricken from the Court record pursuant to Rule 11 and Rule 12(f) of the Federal Rules of Civil

Procedure.

## II.    LEGAL STANDARD

In order to stand before a court and contest a forfeiture, a claimant must demonstrate that

it has both Article III and statutory standing.  *U.S. v. $38,000.00 in U.S. Currency,* 816 F.2d

1538, 1543, 1545 (11th Cir.1987).  Standing "is the threshold question in every federal case, determining the power of the court to entertain the suit."  *Warth v. Seldin,* 422 U.S. 490, 499 (1975).  The Eleventh Circuit has held that a claimant can satisfy Article III standing by demonstrating the existence of an injury by establishing either an ownership or lesser possessory interest in the property.  *Via Mat Int'l South America Ltd. v. U.S.,* 446 F.3d 1258, 1262–63 (11th Cir. 2006); *U.S. v. $500,000.00,* 730 F.2d 1437, 1439 (11th Cir. 1984).  "[S]tatutory standing requirements, such as those of the Supplemental Rules [for Certain Admiralty and Maritime Claims], are implicated only when, and as, the statute itself provides."  *$38,000.00 Dollars in U.S. Currency*, 816 F.2d at 1544.

## III.    DISCUSSION

Mr. Dong lacks standing because he has not filed a sworn statement of interest attesting to the interest he has in the Vessel.  Under Supplemental Admiralty Rule C(6)(a)(i)(A), "a person who asserts a right of possession or any ownership interest in the property that is the subject of the action must file a verified statement of right or interest [ ] within 14 days after the execution of process."  The party asserting a right or interest must then serve an answer within 21 days after filing its statement of right or interest.  Fed. R. Civ. P. Supp. R. C(6)(a)(iv).

On October 15, 2018, Plaintiff filed a Notice of Action with a service list that included Mr. Dong's address.  ECF No. [13].  On October 18, 2018, Plaintiff filed a Second Notice of Action that included the address of the last known owner of the Vessel – Empire Discovery Inc.  ECF No. [14].  The U.S. Marshal executed the arrest warrant and filed the return of service on October 22, 2018.  ECF No. [15].  Plaintiff published the action and arrest notice in the Daily Business Review on October 26, 2018.  *See* ECF No. [17].  Mr. Dong did not file a verified statement of right or interest within the required time nor did he move for an extension of time to file the statement.

3

"Compliance with Supplemental Rule C(6) is obligatory in order for a party to have standing to challenge an *in rem* claim." *Dresdner Bank AG v. M/V OLYMPIA VOYAGER*, 463 F.3d 1233, 1237 (11th Cir. 2006); *see, also, U.S. v. Beechcraft Queen Airplane,* 789 F.2d 627 (8th Cir. 1986) (no abuse of discretion by requiring strict compliance with Rule C(6) and striking answer because it was not preceded by verified statement of interest).  Accordingly, Mr. Dong lacks standing in this matter.[1]

## IV.    CONCLUSION

For the reasons stated herein, it is **ORDERED AND ADJUDGED** that Defendant M/V Sunny USA's Motion to Dismiss the Complaint, **ECF No. [18]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 15th day of February, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

---

[1] The Court need not consider Plaintiff's request to strike the allegations for sanctions against Plaintiff's counsel given the Court's denial of the Motion for lack of standing.