UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-81181-BLOOM/Reinhart
IN ADMIRALTY

EDWARD M. MOORE,

    Plaintiff,

v.

M/V SUNNY USA a/k/a EMPIRE DISCOVERY
a 73-foot motor yacht USCG No 1042503, HIN
No: ISNMUL06B994 her engines, tackle, boats,
gear, appurtenances etc., *in rem*,

    Defendant.

_____/

## OMNIBUS ORDER

**THIS CAUSE** is before the Court upon John Dong's ("Mr. Dong") Motion for Reconsideration, ECF No. [54], Motion to Stay Civil Proceeding for Ongoing Criminal Proceedings, ECF No. [55], Motion to Stay Interlocutory Sale, ECF No. [58], Motion for Bond of the Vessel ("Motion to Set Bond and for Release of Vessel"), ECF No. [59],[1] Plaintiff's Motion for Default Judgment, ECF No. [56], Motion to Strike Mr. Dong's Reply to Plaintiff's Motions to Strike, ECF No. [60], and Motion to Strike Statement of Interest, ECF No. [61]. The Court has carefully reviewed each Motion, the responses, the record and the applicable law. The Court's decisions follow.

    **I.**    **BACKGROUND**

---

[1] Mr. Dong refiled an identical Motion to Stay Civil Proceeding for Ongoing Criminal Proceedings, ECF No. [66], Motion for Reconsideration, ECF No. [68], Motion for Bond of the Vessel, ECF No. [70], and Motion to Stay Interlocutory Sale, ECF No. [71].

1

On August 31, 2018, Plaintiff initiated this action against M/V Sunny USA a/k/a Empire Discovery a 73-foot motor yacht USCG No 1042503, HIM No: ISNMUL06B994 her engines, tackle, boats, gear, appurtenances etc., (the "Vessel" or "M/V Sunny USA"), *in rem*. ECF No. [1]. Plaintiff brings a claim for Foreclosure of Maritime Lien for Maritime Necessaries Breach of Maritime Contract (Count I) and for Negligence versus Vessel *In Rem* (Count II). *Id.* at 3-5. On September 7, 2018, the Court issued an Order directing the issuance of a Warrant of Arrest *in rem*. ECF No. [6]. That same day, the Clerk issued a Warrant directing the United States Marshal to arrest Defendant vessel SUNNY USA, her engines, tackle, boats, gear, and appurtenances and to detain the same in his custody pending further order of the Court. ECF No. [8]. On September 10, 2018, the Court issued an Order granting Plaintiff's Motion for Appointment of Substitute Custodian. ECF No. [12]. The Warrant was returned executed on October 22, 2018. ECF No. [15]. Plaintiff filed a notice of publication, as required by Supplemental Rule C(4) and Local Admiralty Rule C(4) on November 9, 2018. ECF No. [17].

Thereafter, Mr. Dong, purporting to proceed *pro se* on behalf of the Vessel, filed a Motion to Dismiss the Complaint. ECF No. [18]. On February 15, 2019, the Court denied Mr. Dong's Motion to Dismiss, finding that Mr. Dong lacked standing in this action because he did not file a verified statement of right or interest as required by Supplemental Admiralty Rule C(6)(a)(i)(A). *See* ECF No. [41].

On February 21, 2019, the Court granted in part Plaintiff's Motion for Interlocutory Sale of the Vessel. *See* ECF No. [42]. The Court directed the United States Marshal to sell to the highest bidder at public auction the M/V Sunny USA, her engines, tackle, boats, appurtenances etc., on or before March 22, 2019. *Id.* at 4. The Court denied Plaintiff's request to bid his credit lien at the sale. *Id.*

On February 27, 2019 the Court struck Mr. Dong's Sur-Reply in Support of Defendant's Objection for Interlocutory Sale and Mr. Dong's Reply in Support of his Motion to Dismiss as moot because the Court had already ruled on the motions and as untimely. *See* ECF No. [47].

On March 6, 2019, the Clerk entered default against M/V Sunny USA and Mr. Dong. ECF No. [50]. On March 8, 2019, Plaintiff moved for default judgment against the Vessel. ECF No. [56]. The motion for default judgment is pending.

On March 7, 2019, Mr. Dong filed a supplemental statement of interest. ECF No. [53]. The statement declares Mr. Dong's "interest in the M/V Sunny USA as her sole owner under the penalty of perjury." *Id.* at 2. Plaintiff moved to strike the supplemental statement of interest on March 11, 2019. ECF No. [61].

On March 7, 2019 Mr. Dong filed a Motion for Reconsideration of the Court's Order denying his Motion to Dismiss. ECF No. [54]. Mr. Dong argues in part that he has standing in this case as the owner of the Vessel because his motion to dismiss should be construed as a statement of interest and because he filed a supplemental statement of interest. Plaintiff filed a response on March 11, 2019, contending that the claimed supplemental statement of interest was filed post-default and is improper without leave of court. *See* ECF No. [62]. Plaintiff contends that the motion for reconsideration has failed to meet the requirements of demonstrating either new controlling law, new evidence not previously available, or clear error of law or manifest injustice. *Id.* at 4.

On March 7, 2019, Mr. Dong filed a Motion to Stay Civil Proceeding for Ongoing Criminal Proceeding. ECF No. [55]. On March 8, 2019, Mr. Dong filed a Notice of Appeal of the Court's Orders on Mr. Dong's Motion to Dismiss, ECF No. [41], Plaintiff's Motion for Interlocutory Sale, ECF No. [42], and on Plaintiff's Motions to Strike, ECF No. [47]. *See* ECF No. [57]. That same

day, Mr. Dong filed a Motion to Stay Interlocutory Sale Pending Appeal. ECF No. [58]. Plaintiff filed a response to Mr. Dong's Motions to Stay on March 11, 2019. ECF No. [63].

Also on March 8, 2019, Mr. Dong filed the Motion to Set Bond and for Release of Vessel. ECF No. [59]. Mr. Dong requests that the Court order the release of the Vessel upon Mr. Dong posting bond in the amount of the alleged necessaries. *Id.* Plaintiff filed a response on March 11, 2019. ECF No. [59].

## II. DISCUSSION

### a. Motion for Reconsideration, ECF No. [54]

A motion for reconsideration requests the Court to grant "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). A party may not use a motion for reconsideration to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)). "This prohibition includes new arguments that were 'previously available, but not pressed.'" *Id.* (quoting *Stone v. Wall*, 135 F.3d 1438, 1442 (11th Cir. 1998) (per curiam).

Within this framework, however, a court may grant reconsideration due to (1) an intervening change in controlling law, (2) the availability of new evidence, and (3) the need to correct clear error or prevent manifest injustice. *Hood v. Perdue*, 300 F. App'x 699, 700 (11th Cir. 2008). Thus, a motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Kapila v. Grant Thornton, LLP*, No. 14-61194-CIV, 2017 WL 3638199, at *1 (S.D. Fla. Aug. 23, 2017) (quoting

*Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (internal quotation marks omitted).

The Court grants Mr. Dong's motion for reconsideration to prevent manifest injustice. It is true that Mr. Dong, proceeding *pro se*, has failed to strictly comply with the requirement under Supplemental Admiralty Rule C(6)(a)(i)(A) that "a person who asserts a right of possession or any ownership interest in the property that is the subject of the action must file a verified statement of right or interest [ ] within 14 days after the execution of process." However, Mr. Dong's Motion to Dismiss purports to be filed by "the undersigned owner" of the Vessel, his supplemental statement of interest also declares Mr. Dong's "interest in the M/V Sunny USA as her sole owner under the penalty of perjury," and Plaintiff's Complaint recognizes that the Vessel is believed to be owned by a foreign corporation for which Mr. Dong is an agent or director. In the interest of fairness to Mr. Dong, the Court construes his Motion to Dismiss as a verified statement of right or interest in the Vessel and as being timely filed. Therefore, the Court reinstates Mr. Dong's motion to dismiss.[2]

The Motion to Dismiss, however, does not provide a proper basis for dismissal of Plaintiff's claims. Mr. Dong argues in his Motion to Dismiss that the claims asserted by Plaintiff are fraudulent and part of an extortion scheme. When reviewing a motion to dismiss under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint

---

[2] In light of the Court's determination that Mr. Dong has standing to file his motion to dismiss on behalf of the Vessel, the Court sets aside the Clerk's entry of default as to Mr. Dong and the Vessel, ECF No. [50].

and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). The Motion to Dismiss merely contests the allegations in the Complaint and puts forth unsupported claims of conspiracy and fraud. Accordingly, Mr. Dong's Motion to Dismiss is denied.

### b. Motion to Set Bond and for Release of Vessel, ECF No. [59]

Mr. Dong requests that the Court order the release of the Vessel upon Mr. Dong posting bond in the amount of the alleged necessaries.

"The release of vessels from arrest or attachment is governed by 28 U.S.C. § 2462 or by the Admiralty Rules; the Rules procedure is generally followed, rather than the statutory procedure which provides for security of twice the amount claimed." *20th Century Fox Film Corp. v. M.V. Ship Agencies, Inc.*, 992 F. Supp. 1429, 1430 (M.D. Fla. 1997). Supplemental Admiralty Rule E(9)(a)(i) provides as follows:

> On application of a party, the marshal, or other person having custody of the property, the court may order all or part of the property sold—with the sales proceeds, or as much of them as will satisfy the judgment, paid into court to await further orders of the court—if: (A) the attached or arrested property is perishable, or liable to deterioration, decay, or injury by being detained in custody pending the action; (B) the expense of keeping the property is excessive or disproportionate; or (C) there is an unreasonable delay in securing release of the property.

The Court Ordered the interlocutory sale of the Vessel, finding that all three of the criteria were satisfied. *See* ECF No. [42].

Supplemental Admiralty Rule E(9)(a)(ii) provides that "[i]n the circumstances described in Rule E(9)(a)(i), the court, on motion by a defendant or a person filing a statement of interest or right under Rule C(6), may order that the property, rather than being sold, be delivered to the movant upon giving security under these rules." Additionally, Supplemental Admiralty Rule E(5)(a) provides "[w]henever process of maritime attachment and garnishment or process in rem is issued the execution of such process shall be stayed, or the property released, on the giving of

security. . . .[However, i]n the event of the inability or refusal of the parties so to stipulate the court shall fix the principal sum of the bond or stipulation at an amount sufficient to cover the amount of the plaintiff's claim fairly stated with accrued interest and costs."

Here, Plaintiff's claims are readily calculable: Plaintiff is claiming $16,050.00 in pre-suit dockage fees, $4,900.00 in dock repairs, $9,900.00 for pollution monitoring, and $477.00 for fender installation. Additionally, Rule E(5)(a), and Rule E(2)(b) explicitly permit the Court to consider costs of the litigation, and courts have used such fees to calculate bonds. *See, e.g.*, *20th Century Fox*, 992 F. Supp. at 1433 ("Custodial fees may be taxable costs under 28 U.S.C. § 1921 and Supplemental Rule E(4)(e)."). Accordingly, the Court adds $10,022.00 in substitute custodial costs, $400.00 in filing fees, $3,500.00 U.S. Marshal's bond fee, $1,500.00 in appraisal costs, and a $170.56 publication fee to the estimated amount of the claims, bringing the total to $48,449.56. The Court will not consider claimed attorneys' fees in calculating security because the fees do not necessarily "create an enforceable maritime in rem lien against the vessel." *See D&M Carriers, LLC v. M/V/ Thor Spirit*, No. 11–80722, 2011 U.S. Dist. LEXIS 97035, at *1 (S.D. Fla. Aug. 30, 2011) (Marra, J.) Rule E(5)(a) and Local Admiralty Rule E(8)(a)(i) instructs the Court to include interest for two years at six percent. Accordingly, the final estimated total of the Plaintiff's fairly stated claims is $54,263.51. Considering the current estimate of the claims and the relevant legal authorities, including that the Court should "err on the high side," the Court grants Mr. Dong's Motion to Set Bond and Release Vessel the Court sets security at $60,000.00, to be deposited in the Registry of the Court on or before **March 22, 2019**, as security for the release of the Vessel. Should Mr. Dong fail to comply with the requirement to deposit security by the stated deadline, Plaintiff may renew its motion for interlocutory sale.

### c. Motion to Stay Civil Proceeding for Ongoing Criminal Proceedings, ECF No. [56]

Mr. Dong requests that the Court stay this case pending completion of filings in two active criminal cases in which he is proceeding *pro se*. Mr. Dong contends that because of the time he must dedicate to the criminal proceedings he will not be able to allocate any of his effort to this action. However, Mr. Dong has provided no authority supporting this as a basis for staying a case – nor is the Court aware of any. For that reason, the Motion to Stay Civil Proceeding for Ongoing Criminal Proceedings is denied.

### d. Motion to Stay Interlocutory Sale, ECF No. [58]

Mr. Dong seeks a stay of the interlocutory sale pending his appeal. Mr. Dong contends that the intrinsic value of the Vessel is irreplaceable and the damages are irreparable. The Court cannot accept these unsupported assertions. The Court finds that Mr. Dong would be adequately protected during an appeal should the interlocutory sale occur because "[t]he value of the [Vessel] is not at risk from an interlocutory sale, because the yacht will be sold 'in a commercially reasonable manner taking into account the characteristics of the yacht." *United States v. Real Prop. & Residence located at 4816 Chaffey Lane*, 699 F.3d 956, 961–62 (6th Cir. 2012) (internal quotations omitted). Additionally, the Court notes that to the extent that Mr. Dong complies with the requirement of this Order to deposit 60,000.00 in the Registry of the Court on or before March 22, 2019, the Motion to Stay Interlocutory Sale would be moot.

### e. Plaintiff's Motions, ECF Nos. [56], [60], and [61]

In light of the Court's holding deeming Mr. Dong's statement of interest timely filed, concluding that Mr. Dong has standing in this case, and vacating the entry of default against Mr. Dong and the Vessel, the Court must deny Plaintiff's Motion for Default Judgment and Motion to Strike Statement of Interest. Plaintiff's Motion for Default Judgment cannot succeed because the

Vessel is not in default. Plaintiff's Motion to Strike Statement of Interest states that Mr. Dong's filing of the supplemental statement of interest is not timely pursuant to Rule C of the Supplemental Rules. But the Court has deemed Mr. Dong's Motion to Dismiss to be a timely filed statement of interest.

As to Plaintiff's Motion to Strike Mr. Dong's Reply to Plaintiff's Motions to Strike, the Court has already granted Plaintiff's Motions to Strike, ECF Nos. [45] and [46], finding Mr. Dong's Reply and Sur-reply in support of his motion to dismiss untimely. *See* ECF No. [47]. Thus, Mr. Dong's Reply, ECF No. [52], is moot. Accordingly, Plaintiff's Motion to Strike, ECF No. [60] is granted.

### III. CONCLUSION

For the reasons stated herein, it is **ORDERED AND ADJUDGED** as follows:

1. Mr. Dong's Motion for Reconsideration, **ECF No. [54]**, is **GRANTED in part and DENIED in part.** Mr. Dong has standing in this action as a person who asserts an ownership interest in the Vessel. However, Mr. Dong's Motion to Dismiss, **ECF No. [18]**, is **DENIED**.

2. The Clerk's entry of default as to Mr. Dong and the Vessel, **ECF No. [50]**, is **SET ASIDE**.

3. Mr. Dong's Motion to Set Bond and for Release of Vessel, **ECF No. [59]**, is **GRANTED in part and DENIED in part**. The United States Marshal and Substitute Custodian, Starboard Yacht Group, LLC are directed to release the Vessel upon Mr. Dong posting a bond in the sum of $**60,000.00** on or before **March 22, 2019**. Upon the posting of the bond and verification filed with this Court by

March 22, 2019, the United States Marshal will be directed to **CANCEL** the sale of the Vessel that the Court previously ordered, ECF No. [42].

4. Mr. Dong's Motion to Stay Civil Proceeding for Ongoing Criminal Proceedings, **ECF No. [55]**, is **DENIED**.

5. Mr. Dong's Motion to Stay Interlocutory Sale, **ECF No. [58]**, is **DENIED**.

6. Mr. Dong's duplicative Motions, **ECF Nos. [66], [68], [70], and [71]**, are **DENIED**.

7. Plaintiff's Motion for Default Judgment, **ECF No. [56]**, is **DENIED**.

8. Plaintiff's Motion to Strike Mr. Dong's Reply to Plaintiff's Motions to Strike, **ECF No. [60]**, is **GRANTED**.

9. Plaintiff's Motion to Strike Statement of Interest, **ECF No. [61]**, is **DENIED**.

10. Plaintiff is directed to serve a copy of this Order on the U.S. Marshal and the substitute custodian.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 14, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

John Dong
71 Delahow St.
Charleston, SC 29492

U.S. Marshal